IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KHALIL A. GILMORE, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | No.: 13-3944 |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al | : | |
| Respondents. | : | |

## REPORT AND RECOMMENDATION

| | |
|---|---|
| LYNNE A. SITARSKI | DATE: October 23, 2013 |
| UNITED STATES MAGISTRATE JUDGE | |

Presently before the Court is a *pro se* petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, by Khalil Gilmore ("Petitioner"), an individual currently incarcerated in State Correctional Institution Rockview located in Bellefonte, Pennsylvania. For the following reasons, this Court respectfully recommends that the petition be **DISMISSED** without prejudice.

### I.    FACTS AND PROCEDURAL HISTORY

In early May, 2010, Petitioner was arrested for an incident occurring on March 1, 2010. *See* Pennsylvania Docket, No. CP-51-CR-0008765-2010, at 3 (Phila. Ct. Cm. Pl. May 5, 2010). Petitioner was charged with attempted first degree murder, aggravated assault, and related offenses. *Id.* On May 4, 2010, Petitioner was ordered held on $500,000 bail. *Id.* On April 10, 2012, a jury trial commenced which resulted in acquittal as to some charges, and a hung jury as to the charge of aggravated assault.[1] *Id.* at 4.

---

[1] The state court docket reflects that Petitioner was found not guilty on charges of attempted murder and possession of an instrument of a crime. *Id.* at 4. The jury was hung only as to the charge of aggravated assault. *Id.* The remainder of the charges against Petitioner were nolle prossed. *Id.*

Petitioner is currently in custody awaiting his second trial. A new trial was scheduled for September 9, 2013, which was allegedly the earliest possible date consistent with the police, attorney's, and the trial court's schedules. *Id.* at 11. The trial has been continued numerous times and Petitioner has twice filed for release pursuant to Pa. R. Crim P. ("Rule") 600, which requires a Petitioner to stand trial within 365 days of his arrest. His most recent Rule 600 Petition was denied by the Court of Common Pleas on June 27, 2013.[2] *Id.* at 13.

On July 1, 2013, Petitioner filed the instant petition for habeas corpus asserting that his right to a speedy trial has been violated based on his confinement in the country prison system for the past three years.[3] *See* Pet'r's Hab. Pet. at 3; Doc. No. 3.

## II. Discussion

As an initial matter, I note that no response has been filed to the instant petition. However, district courts are authorized to dismiss habeas petitions where it is apparent from the face of the petition that the Petitioner is not entitled to relief. *See Lonchar v. Thomas*, 517 U.S.

---

[2] Petitioner's trial is currently scheduled for December 2, 2013. *Id.* at 14.

[3] Pennsylvania and federal courts employ the prisoner mailbox rule. *See Perry v. Diguglielmo*, 169 Fed. Appx. 134, 136 n.3 (3d Cir. 2006) (*citing Commonwealth v. Little*, 716 A.2d 1287 (Pa. Super. Ct. 1998)); *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998). Under this doctrine, a prisoner's *pro se* petition is deemed filed when delivered to prison officials for mailing. *See Burns*, 134 F.3d at 113; *Commonwealth v. Castro*, 766 A.2d 1283, 1287 (Pa. Super. Ct. 2001) (deemed filed when given to proper prison authority or placed in a prison mailbox). Nevertheless, it is a prisoner's burden to prove that the doctrine applies by providing evidence for when the petition was placed within a prison mailbox or delivered to prison officials. *See Commonwealth v. Jones*, 700 A.2d 423, 426 (Pa. 1997); *Thomas v. Elash*, 781 A.2d 170, 176 (Pa. Super. Ct. 2001); *see also Council v. Nash*, 400 Fed. Appx. 680, 682 (3d Cir. 2010) (holding that it is appellant's burden to prove that the prisoner mailbox rule applies in a civil rights case). Here, Petitioner signed and dated his *pro se* petition on July 1, 2013, and it will be considered filed on this date.

314, 320, 116 S. Ct. 1293, 134 L. Ed. 2d 440 (1996); *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985)**.** For the reasons that follow, I conclude that no response is needed because it plainly appears the face of the petition and the state court docket that no relief is warranted. *See* 28 U.S.C. § 2254 Rule 4 (no response is required if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . .").

While generally petitions for habeas relief are brought after a petitioner has been convicted, federal courts do have jurisdiction over pretrial habeas petitions brought pursuant to § 2241. Specifically, "[i]n certain cases, § 2241 is the appropriate vehicle through which to assert a speedy-trial claim. *Chavis v. Commonwealth*, 434 Fed. Appx. 50, 51 (3d Cir. 2011) (citations omitted). However, such a claim may only be addressed on the merits after the petitioner has satisfied the exhaustion requirement by presenting his claim through one full round of the state's established appellate process. *See Wilson v. Beard*, 02-374, 2012 U.S. Dist. LEXIS 55987, *24-25 (E.D. Pa. Apr. 20, 2012) (speedy trial claim brought in a pretrial petition only cognizable after the petitioner satisfies the exhaustion requirement) (citation omitted).

In this case, Petitioner has failed to exhaust his state court remedies by fairly presenting his speedy trial claim through one full round of the Pennsylvania established appellate process. Petitioner filed a motion for release pursuant to Pennsylvania Rule 600, which was denied on June 27, 2013.[4] Petitioner did not appeal that decision, and instead filing the instant petition.

---

[4] This Court does not have a copy of Petitioner's Rule 600 motion. Nevertheless, it is well-settled that claims such as this one, asserting a violation of a state law, or challenging a state court's interpretation of a state law, are not cognizable on federal habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("We reemphasize that it is not the province of a federal habeas court to re-examine state-court determinations on state-law questions."); *Johnson v. Rosemeyer*, 117 F.3d 104, 109 (3d Cir. 1997) ("[I]t is well established that a state court's misapplication of its own law does not generally raise a constitutional claim."). Notably, the

"Jurisdiction without exhaustion should not be exercised at the pretrial stage unless extraordinary circumstances are present." *Moore v. DeYoung*, 515 F.2d 437, 444 (3d Cir. 1975). Importantly, the alleged denial of a speedy trial does not constitute an extraordinary circumstance sufficient to allow a federal court to intervene in state pretrial procedures. *Id.* Indeed, as the Third Circuit observed, Petitioner "will have an opportunity to raise his claimed denial of the right to a speedy trial during his state trial and in any subsequent appellate proceedings in the state courts." *Id.* at 449. Moreover, dismissal of the instant petition will not prejudice Petitioner from filing a § 2254 petition once Petitioner has properly exhausted his state court remedies. *See Collazo v. New Jersey*, No. 13-0809, 2013 U.S. Dist. LEXIS 53190 (D.N.J. Apr. 12, 2013) (dismissing a 2241 petition asserting a speedy trial claim without prejudice to the filing of a 2254 petition). Because the instant petition is unexhausted and because extraordinary circumstances do not warrant federal intervention in state procedures at this time, I recommend dismissing the instant petition without prejudice to the filing of a § 2254 petition.[5]

---

Sixth "[A]mendment and Rule [600] provide separate bases for asserting that there has been an undue delay in bringing a case to trial." *Sadler v. Sullivan*, 748 F.2d 820, 824-25 (3d Cir. 1984). Thus, Petitioner's Rule 600 motion, by itself, would be insufficient to constitute fair presentation of his speedy trial claim even to the trial court. However, even assuming that Petitioner did present his speedy trial claim at the trial court level, his failure to avail himself of the state's appellate procedures bars federal review of his claim absent extraordinary circumstances. *See supra*.

[5] I also note that Petitioner presents argument concerning prison overcrowding and the poor conditions of his confinement. "[W]hen a challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate." *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002). Accordingly, Petitioner's claims regarding the conditions of his custody are not an appropriate basis for habeas relief, and must be brought in an action under § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973) ("a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life . . . .").

## III.   CONCLUSION

This Court respectfully recommends that the instant petition for writ of habeas corpus be dismissed without prejudice.

Therefore, I make the following:

# **R E C O M M E N D A T I O N**

AND NOW, this __23RD__ day of October, 2013, IT IS RESPECTFULLY RECOMMENDED that the Petition for Writ of Habeas Corpus be DISMISSED without prejudice. There has been no substantial showing of the denial of a Constitutional right requiring the issuance of a certificate of appealability.

Petitioner may file objections to this Report and Recommendation. *See* Local Civ. Rule 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:

 /s/ Lynne A. Sitarski
LYNNE A. SITARSKI
UNITED STATES MAGISTRATE JUDGE